UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00154

RICHARD POWELL, *et al.*                                                                            Plaintiffs

v.

JAMES MARINE, INC., *et al.*                                                         Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants James Built, LLC, and James Marine, Inc.'s Motion to Dismiss. (Docket No. 4.) Plaintiffs have not responded to this Motion, and the time to do so now has passed. Also pending before the Court is Plaintiffs' Motion to Remand and to Withdraw All Federal Allegations, (Docket No. 8), to which Defendants have responded, (Docket No. 9). These matters are now ripe for adjudication.

BACKGROUND

The Plaintiffs in this action are Richard Powell, Larry Timmons, and Richard Wheeler. Powell, Timmons, and Wheeler each assert that they were employed as welders by James Marine, Inc. (JMI). Powell claims he was employed by JMI from 1997–2000 and again from March 5, 2008 through January 6, 2009. (Docket N0. 1-1, at 63.) Timmons claims he was employed by JMI from April 2008 through November 6, 2009. (Docket No. 1-1, at 63.) Wheeler claims he was employed by JMI from August 8, 2008 through December 8, 2008. (Docket No. 1-1, at 63.) Although Plaintiffs

purport to assert their claims as class representatives on behalf of all other welders and welder assistants similarly situated, no class has been certified in this litigation.

Plaintiffs initially filed this action in Marshall Circuit Court on June 17, 2013. Plaintiffs filed their First Amended Complaint on July 9, 2013. Thereafter, Plaintiffs tendered their Second Amended Complaint on August 15, 2013. On September 6, 2013, the Marshall Circuit Court ordered that Plaintiffs' Second Amended Complaint be filed as of that day. (Docket No. 1-1, at 72.) In their Second Amended Complaint, Plaintiffs asserted for the first time claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 *et seq.* Presently, Plaintiffs are proceeding on claims under the FLSA and under the Kentucky Wage and Hour Act (KWHA), Ky. Rev. Stat. § 337.010 *et seq.* Defendants removed this action on September 10, 2013. (Docket No. 1.)

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

Defendants move to dismiss Plaintiffs' FLSA and KWHA claims, arguing that these claims all are barred by the applicable statutes of limitations. (Docket No. 4.) Under the FLSA, a lawsuit to recover unpaid compensation must "be commenced within two years after the cause of action accrued," unless the cause of action arose "out of a willful violation," in which case the lawsuit must "be commenced within three years after the cause of action accrued." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (quoting 29 U.S.C. § 255(a)). "A cause of action is deemed to accrue, as a general rule, 'at each regular payday immediately following the

work period during which the services were rendered for which the wage or overtime compensation is claimed.'" *Id.* (quoting *Archer v. Sullivan Cnty.*, 129 F.3d 1263, 1997 WL 720406, at *2 (6th Cir. Nov.14, 1997)). In this case, none of the Plaintiffs brought his FLSA claim within statute of limitations set forth in § 255(a). The latest date any of the three Plaintiffs alleges he worked at JMI is November 6, 2009. (*See* Docket No. 1-1, at 63.) Even affording him the three-year limitation period for willful violations, that three-year period ran out in November 2012, more than nine months before he or the other Plaintiffs asserted an FLSA claim. As such, each of the three Plaintiffs' FLSA claims are time barred under § 255(a) and must be dismissed.

Defendants removed this action on the basis of federal question jurisdiction. United States District Courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition to federal question jurisdiction, district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, a district court is granted jurisdiction to hear causes of action arising under state law so long as those claims "form part of the same case or controversy" giving rise to the court's federal question jurisdiction. Although district courts are granted supplemental jurisdiction under § 1367(a), they may, in their discretion, decline to exercise that jurisdiction for the reasons listed in § 1367(c). Specifically, a district court may decline jurisdiction over a supplemental state law claim where the court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). The Sixth Circuit instructs that "generally, 'if the federal claims are dismissed before

Page 4 of 6

trial . . . the state claims should be dismissed as well.'" *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). When deciding whether to decline jurisdiction under § 1367(c)(3), a district court must weigh several factors and "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)).

Having found that Plaintiffs' FLSA claims must be dismissed, Plaintiffs' only remaining claims are those brought under the KWHA. Defendants argue that Plaintiffs' KWHA claims similarly are time barred, at least in part. (Docket No. 4-1, at 3.) Defendants acknowledge, however, that the limitations period for KWHA claims is not well settled. Regardless, this Court need not decide the timeliness of Plaintiffs' state law claims. It is very early in this case, as this matter is just now past the motion to dismiss stage. It does not appear that any discovery has been conducted, and there has not been a substantial expenditure of time or resources into developing the remaining state law claims. Because Plaintiffs' federal cause of action has been dismissed, pursuant to 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over their remaining state law claims. To do otherwise would cause this Court to needlessly decide Kentucky state law issues that are best reserved for Kentucky courts.

CONCLUSION

Therefore, having considered the Defendants' Motion to Dismiss and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendants James Built, LLC, and James Marine, Inc.'s Motion to Dismiss, (Docket No. 4), is GRANTED IN PART, and Plaintiffs' Fair Labor Standards Act claims are dismissed.

Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and those claims are hereby REMANDED to Marshall Circuit Court for all further proceedings. Accordingly, Plaintiffs' Motion to Remand, (Docket No. 8), is DENIED as moot.

IT IS SO ORDERED.

Date:


cc: Counsel

Clerk, Marshall Circuit Court